Filed 2/5/16  P. v. Rodriguez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064505 |
| v. | (Super.Ct.No. RIF149174) |
| MIRIAM JEANNETTE RODRIGUEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Judith C. Clark, judge. Affirmed.

Christine Vento, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Miriam Jeannette Rodriguez appeals from an order denying her petition to reduce her grand theft conviction (Pen. Code[1], § 487) to a misdemeanor, pursuant to section 1170.18. We find no error and will affirm the order.

PROCEDURAL BACKGROUND[2]

Defendant was charged by information with numerous offenses. In counts 1 and 2, she was charged with elder financial abuse (§ 368, subd. (d)); counts 3, 11, 15, 16, 18, 21, 23, 26, and 28 charged her with grand theft (§ 487, subd. (a)); count 4 alleged she filed a forged document with the county recorder (§ 115); counts 5, 6, 7, 8, 9, 10, 12, and 13 charged defendant with money laundering (§ 186.10, subd. (a)); counts 19 and 20 alleged identity theft (§ 530.5, subd. (a)); and counts 22, 24, 25, and 27 charged residential burglary. (§ 459.)[3] The information also included quantity enhancements as to counts 1, 2, and 3 (§ 12022.6, subd. (a)(2)), and counts 5, 7, 9 (§ 186.10, subd. (c)(1)(a)), and the burglary counts included an allegation that another person, not an accomplice, was present at the time the burglaries were committed. (§ 667.5, subd. (c)(21).)

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

[2] We have taken judicial notice of our opinion in the prior appeal (*People v. Rodriguez* (Mar. 8, 2013, E053806) [nonpub. opn.]) and the procedural background is taken, in part, from that opinion (Evid. Code, §§ 452, subd. (d), 459, subd. (a)).

[3] The information also included count 14, charging that defendant received or possessed stolen property respecting a home equity line of credit (Pen. Code, § 496, subd. (a)), and count 17, which alleged that defendant fraudulently induced an individual to sign a contract (Civ. Code, § 2945.4, subd. (g)). However, these counts were dismissed on motion by the People at the close of its case in chief.

Defendant was tried by a jury and convicted of all counts, save those dismissed by the People. At sentencing, the court denied probation and selected count 22 as the principal term. The court imposed the midterm of four years for count 22, and imposed consecutive terms (one-third the midterm) for counts 1, 5, 7, 9, 15, 18, 24, 25 and 27, along with one-third the term for any enhancements. For counts 3, 4, 6, 8, 10, 11, 12, 13, 16, 19, and 20, the court imposed concurrent midterm sentences, and the court stayed terms on counts 2, 21, 23, 26 and 28, pursuant to section 654. This court subsequently modified the judgment to stay the sentence on count 9. (*People v. Rodriguez*, *supra*, E053806.)

In November 2014, California voters approved Proposition 47 (effective November 5, 2014). (§ 1170.18.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) "Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*Id.* at p. 1092.)

On January 8, 2015, defendant filed a Proposition 47 petition for resentencing. (§ 1170.18.) On the application form, she checked the boxes stating that she was convicted of grand theft and that she "believes the value of the check or property does not

3

exceed $950." On July 3 2015, the court denied the petition, finding that all the counts were either "not qualifying felonies or [the] amounts of loss exceed[ed] $950."

## DISCUSSION

Defendant appealed and, upon her request, this court appointed counsel to represent her. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and several potential arguable issues: (1) whether counts 19 and 20 (§ 530.5, subd. (a)) qualified for sentence reduction under section 1170.18; (2) whether there was proof on counts 19 and 20 that the amount on each count was under $950, and whether defendant had the burden of proof; (3) whether count 4 qualified for sentence reduction under section 1170.18; and (4) whether any of the other counts qualified for sentence reduction under section 1170.18 . Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which she has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

4

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ
P. J.

MILLER
J.